UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re the matter of: | Case No. 1:10-CV-00175-EJL |
| DOUGLAS L. SWENSON, JEREMY SWENSON and DAVID SWENSON, | **MEMORANDUM DECISION AND ORDER** |
| Petitioners, | |
| v. | |
| BUSHMAN INVESTMENT PROPERTIES, LTD, a Utah limited partnership, HOLMAN DBSI ARAPAHOE, LLC, a Utah limited liability company, JOHN M. CLAYTOR, as co-executor of the Estate of William M. Claytor, CHARLEY A. SIMMONS, SHIRLEY A. SIMMONS, LINDA GRANA, WILLIAM J. MURPHY, and JOSEPH KLEM AND ANNA KLEM 2003 REVOCABLE TRUST, | |
| Respondents. | |

**MEMORANDUM DECISION AND ORDER - 1**

Before the Court is a Motion to Request a Cost Bond on Appeal (Dkt. 143) by Respondents/Appellees Bushman Properties, Ltd., et. al. ("Appellees"). Appellees ask that Petitioners/Appellants Douglas L. Swenson ("Doug Swenson" or "Mr. Swenson") and David D. Swenson ("David Swenson") (collectively referred to hereinafter as "Appellants") post cost bonds for their appeals from this Court's July 22, 2013 Judgment (Dkt. 134). The motion has been fully briefed and the Court has determined oral argument would not assist the decision-making process. The Court will therefore decide the motion without a hearing. For the reasons explained below, the Motion is **GRANTED** and Appellants will be required to post a bond of $25,000 in order to proceed with their appeals.

## ANALYSIS

Pursuant to Federal Rule of Appellate Procedure 7, the district court in a civil case "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The decision to require a bond and its amount is subject to the discretion of the district court. *See* Advisory Committee Notes to Fed. R. App. P. 7. The purpose of an appeal bond is to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. America, Inc.*, 2008 WL 4680033, at *6 (N.D. Cal. 2008) (quotations and citations omitted). In deciding whether to

require an appellant to post an appeal bond, courts in the Ninth Circuit consider several factors, including: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal is unsuccessful; and (3) the merits of the appeal. *Id.*, at *6-7 (citations and quotations omitted).

While attorney's fees are not generally authorized under Rule 7, a "district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond…if an applicable fee-shifting statute includes them in its definition of recoverable costs and …if the appellee is eligible to recover such fees." *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007). Here Appellant Doug Swenson was found liable for breach of contract and fraud, and Appellant David Swenson was found liable for breach of contract. The contract at issue contained an attorney's fees provision stating:

> If either party commences litigation for the judicial interpretation, enforcement, termination, cancellation or rescission hereof, or for damages (including liquidated damages) for the breach hereof against the other party, then, in addition to any or all other relief awarded in such litigation, the substantially prevailing party therein shall be entitled to a judgment against the other for an amount equal to reasonable attorneys' fees and court and other costs incurred.

(Dkt. 52-4, ¶7.10.)

**MEMORANDUM DECISION AND ORDER - 3**

Although Appellees have already been awarded their attorney's fees in the underlying suit, the general rule is that additional attorney's fees will be allowed for successful defense against an appeal where the prevailing party below was protected by a contractual stipulation for attorney's fees. *1 Attorney's Fees § 9:14* (3d ed. 2013); *see also Hardy v. McGill*, 137 Idaho 280, 47 P.3d 1250 (2002) (awarding attorney's fees to buyer for successfully defending favorable judgment upon appeal where real estate purchase contract provided the losing party would pay prevailing party's attorney's fees in the event either party instituted legal action for the enforcement of their rights under the contract). The Court may accordingly include attorney's fees for the appeal within the costs it imposes under Rule 7.[1] *See generally, Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998); *Azizian*, 499 F.3d 950 (9th Cir. 2007).

   1. *Financial Ability to Post Bond*

---

[1] The circuits are split as to whether "costs on appeal" include attorney's fees. The Second, Sixth, Ninth and Eleventh Circuits have determined "costs on appeal" may include attorney's fees if the applicable fee-shifting statute defines "costs" to include attorney's fees, while the Third and D.C. Circuits have held "costs on appeal" do not include attorney's fees. *Compare Adsani*, 139 F.2d at 74-75; *Azizian*, 499 F.3d at 958; *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817-18 (6th Cir. 2004); *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323, 1329-30 (11th Cir. 2002), *with Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 WL 307777, at *3 (3d Cir.); *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985) (per curiam).

**MEMORANDUM DECISION AND ORDER - 4**

Doug Swenson states that he no longer has any money with which to pay continuing legal fees and lacks resources to either post a bond covering Appellees' costs in the pending appeal or to even prosecute the appeal.[2] Mr. Swenson's counsel maintain they are representing Mr. Swenson without charge "on this appeal . . .[because] Swenson has been a client of the firm for more than five years and . . .counsel believes that it is just and appropriate to assist the client as much as possible without an expectation of being paid." (Dkt. 144, p. 2.) Mr. Swenson is currently under indictment in the District of Idaho. His trial has been set for January 28, 2014, and he has pleaded not guilty. In connection with that prosecution, the United States government obtained a seizure warrant for Mr. Swenson's assets, including more than $1.4 million in cash and securities held in a brokerage account. Around the time of the indictment, Mr. Swenson's home was also foreclosed upon by a creditor of his former business. Mr. Swenson argues that any of his remaining assets "are extremely limited, and derive mostly from the generosity of family." (Dkt. 144, p. 3.)

Appellees maintain that Appellants "continue to pay private legal counsel, including experienced Seattle counsel, for their appeals from this action, an

---

2 David Swenson has not filed an objection to Appellees' Motion for a Cost Bond in connection with his separate appeal of this Court's July 22, 2013 Judgment. Although Appellees request that the Court require an additional, separate cost bond for David Swenson's appeal, Appellees have provided no basis for doing so. Appellees' request that the Court require separate cost bonds by both Appellants is accordingly denied.

**MEMORANDUM DECISION AND ORDER - 5**

endeavor that likely will exceed $100,000 in legal fees and costs." (Dkt. 143-1, p. 3.) Appellees suggest that "Swenson and the numerous attorneys who represent him in this and multiple other matters provide no credible or evidentiary support for [his] claims of poverty or pro bono legal services." (Dkt. 147, p. 1.) As Appellees note, counsel for Mr. Swenson has not provided any supporting documentation of their financial arrangements with, or payments from, Mr. Swenson, even though fee arrangements are not privileged. (*Id.*) (*citing In re Grand Jury Proceedings*, 33 F.3d 1060, 1063-64 (9th Cir. 1994)). Further, Mr. Swenson has not offered any first-hand testimony of his financial ability to post an appellate cost bond, refused to respond to a subpoena regarding the money he has already deposited with or assigned to his attorneys in connection with this appeal, and limits his claim of pro bono representation to "this matter" and "this appeal." (Dkt. 147, pp. 1-2) (*citing* Dkt. 144, at p. 2 and Dkt. 145, ¶4; Dkt. 148-1.)

The Court reminds counsel for both sides that they are officers of the Court and any misrepresentation could have serious consequences. This includes half-truths that are misleading. Based on the representations of counsel for both sides, it is difficult, if not impossible, for the Court to determine what the financial situation is concerning Appellants' ability to pay a cost bond. As pointed out by Appellees, the claim of Mr. Swenson's counsel that they do not expect payment for

**MEMORANDUM DECISION AND ORDER - 6**

"this appeal" and for "this matter" is ambiguous. Further, mere claims of a party's financial inability to pay are insufficient; parties are requires to submit financial documentation indicating that they are unable to post a bond. *Fleury*, 2008 WL 4680033, at *7 (noting that appellant "contends that she would effectively be barred from pursuing her appeal if required to post a bond in the amount sought" but had "submitted no financial information to indicate that she is financially unable to post a bond."); *Berry v. Deutsche Bank Trust Co. Americas*, 632 F.Supp.2d 300, 307-308 (S.D.N.Y. 2009) (appellant's unsubstantiated claim that he did not have any assets and could not post any bond did not weight in favor of denying the bond) . Although Mr. Swenson has submitted information regarding the exhaustion of his D&O insurance policy, as well as the seizure of certain assets in connection with his criminal prosecution, the Court is unable to determine whether there may be other assets that would allow Mr. Swenson to post a cost bond. *See Baker v. Urban Outfitters, Inc.*, 2006 WL 3635392, *1 (S.D.N.Y. 2006) (finding that "Plaintiff and his counsel have not demonstrated financial inability to post a bond as security for costs" where counsel "submitted, under seal, a variety of financial documents," but did not "submit an affidavit to the effect that the balances shown on the documents are accurate and that he has no other assets or interests which could be used to obtain

**MEMORANDUM DECISION AND ORDER - 7**

a bond.").[3]   In this case, Appellants have failed to provide sufficient information showing their inability to post bond, or that imposition of a bond would impose a substantial hardship. The first factor accordingly weighs in favor of a bond. *Fleury*, 2008 WL 4680033, at *7.

### 2.  *Risk Appellant will not pay Costs*

Mr. Swenson concedes that he will not pay a judgment for appellate costs, stating it "goes without saying that if Swenson does not have the resources to post a bond for the Respondents' costs on appeal, he will not have the resources to pay an award of those costs."  (Dkt. 144, p. 4.)  However, Mr. Swenson suggests that "if the reason a party is unlikely to pay costs after an unsuccessful appeal is that he does not have the money to do so, then this factor cannot weigh in favor of requiring a bond.  If it could, then any judgment against an impecunious litigant would be un-appealable."  (*Id.*)  As previously noted, the Court is unable to determine Mr. Swenson's financial ability to post a bond, or whether he is, in fact, "an impecunious litigant."

---

[3] Appellants have not suggested David Swenson is financially unable to post a bond, nor provided any evidence regarding David Swenson's finances.

**MEMORANDUM DECISION AND ORDER - 8**

Further, there is a substantial risk of nonpayment of appellate costs where a party has not paid prior awards. *Berry*, 632 F.Supp.2d at 307. Here, Appellants have not paid the judgment ordered by this Court, nor have they obtained a stay of the judgment by posting a supersedeas bond pursuant to Federal Rule of Civil Procedure 62(d). (Dkt. 143-1, p. 3.) Where a party has not paid a judgment or posted a supersedeas bond, it "raises serious concerns about their ability to do so." *Stillman v. InService America Inc.*, 838 F.Supp.2d 138, 140 (S.D.N.Y. 2011). In light of Mr. Swenson's concession that he will not pay costs upon appeal and his failure to pay the judgment or to obtain a stay of enforcement of the judgment, the second factor weighs in favor of requiring a cost bond. *Id.*

    3. *Merits of Appeal*

Each determination in this action has been the subject of extensive briefing. A district court, "familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal." *Adsani*, 139 F.3d at 79 (citation omitted). Appellants have not identified the basis for their appeals. However, the appeal involves this Court's review of a final and binding arbitration award. As Appellees note, the standard of review of a final and binding arbitration award is among the lowest in the law. *See, e.g., U.S. v. Park Place Associates, Ltd.*, 563 F.3d 907, 920 (9th Cir. 2009) (review of an

**MEMORANDUM DECISION AND ORDER - 9**

arbitration award is "both limited and highly deferential.") (*quoting PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (arbitrators exceed their powers "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of the law.") (internal quotation and citation omitted); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (to reverse an arbitration award, it must "be clear from the record that the arbitrators recognized the applicable law and then ignored it.  As such, mere allegations of error are insufficient") (internal quotation and citation omitted); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995) (under the Federal Arbitration Act, courts may vacate an arbitrator's decision, "only in very unusual circumstances.").  Given this standard, the Court finds Appellant's appeal is not likely to succeed on the merits.  The third factor accordingly weighs in favor of requiring Appellants to post a bond.

In sum, Appellants have failed to demonstrate that they are financially unable to post a bond; that they would pay Appellees' costs if the appeal loses; and that the appeal is likely to be meritorious.  The Court accordingly finds a cost bond is appropriate.

    4.  *Amount of the Bond*

**MEMORANDUM DECISION AND ORDER - 10**

As Mr. Swenson notes, Appellees have not offered any indication of how they arrived at the requested $50,000 bond amount, and have not detailed the precise costs they expect to incur upon appeal. The Court is therefore going to set the cost bond at $25,000, rather than the $50,000 requested. The Court believes this figure is just in light of the copying, filing and service fees, and other third-party expenses Appellees will incur upon appeal, as well as to cover a possible award of attorney's fees associated with the appeal.[4]

## ORDER

For the foregoing reasons, the motion for an appeal cost bond (Dkt. 143) is **GRANTED**. Appellants shall post a cost bond in the amount of $25,000.

In the alternative, Appellants may pay this amount to Appellees' counsel, with the amount to be held by Appellees' counsel in an attorney escrow account pending the award of costs on appeal. If no costs are awarded to Appellees or if costs in an amount less than $25,000 are awarded, the appropriate sum from the

---

[4] Inclusion of potential attorney's fees within the cost bond is due to the fee provision in the contract Appellants have been found to have breached, and is not based on any consideration of whether the appeal is frivolous. As the Ninth Circuit held in *Azizian*, 499 F.3d 950 (9th Cir. 2007), a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the Court of Appeals if that court determines that the appeal is frivolous under Federal Rule of Appellate Procedure 38. The determination of whether or not an appeal is frivolous is appropriately left to the appellate court. *Id*. at 960-61.

**MEMORANDUM DECISION AND ORDER - 11**

escrow account shall be returned to Appellants or Appellants' counsel within 21 days of the issuance of the mandate from the Ninth Circuit.

DATED: December 9, 2013

_____
Edward J. Lodge
United States District Judge